UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVON WESTLEY MOORE,<br>Petitioner,<br>v.<br>W.L. MUNIZ, Warden,<br>Respondent. | Case No. CV 17-02926-DOC (KES)<br><br>ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED AS MIXED |

On April 4, 2017, Petitioner Davon Westley Moore constructively filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"] at 9.[1]) The Court has screened this Petition consistent with its authority under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that a petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons discussed below, the Court orders Petitioner to show cause why the Petition should not be dismissed as mixed.

---

[1] Page citations in this order refer to the CM/ECF pagination.

1

# I.

# BACKGROUND

**A.**   <u>State Court Proceedings.</u>

A jury in the Los Angeles Superior Court convicted Petitioner of first degree murder and found that the murder was committed during the course of a robbery and a burglary, and that Petitioner personally used a knife in the commission of the killing. Petitioner was sentenced to life in prison without the possibility of parole plus one year. (Petition at 3 ¶ 1, 67.)

Petitioner appealed to the California Court of Appeal in case no. B260801. The California Court of Appeal affirmed his conviction in a written opinion. (Petition at 65-73.) <u>See</u> <u>also</u> <u>People v. Moore</u>, 2015 Cal. App. Unpub. LEXIS 8934 (Cal. Ct. App. Dec. 9, 2015). Petitioner then filed a petition for review in the California Supreme Court, case no. S231249. (Petition at 32-64.) The petition was denied on February 24, 2016. (<u>Id.</u> at 74.)

Petitioner states that he did not file any habeas petitions in the California courts with respect to this conviction. (<u>Id.</u> at 4 ¶ 6.) The instant federal Petition was constructively filed on April 4, 2017. (<u>Id.</u> at 9.)

**B.**   <u>Claims Raised in Federal Habeas Petition.</u>

When describing the grounds for relief in ¶ 8 of the Petition, Petitioner states "See Appendix." (Dkt. 1 at 6-7 ¶ 8.) The Court interprets this as incorporating the grounds raised in the attached petition for review that Petitioner filed in the California Supreme Court. (<u>Id.</u> at 34.) Reading both in conjunction, the Court interprets Petitioner's federal Petition as raising the following three grounds for relief:

<u>Ground One</u>: The state trial court prejudicially erred when it failed to instruct the jury that Petitioner's co-defendant, Sabrina King, was an accomplice as a matter of law and that her testimony should be viewed with caution.

<u>Ground Two</u>: The jury instructions given by the state trial court allowed

2

the jury to convict Petitioner under an erroneous theory of guilt (murder by lying in wait), and there is no basis upon which to say his conviction is based on a valid legal ground.

Ground Three: Petitioner's Confrontation Clause rights were violated when a testifying pathologist recounted the opinion of a non-testifying pathologist as to the cause of death.

(Dkt. 1 at 6-7, 34.)

## II.

## ANALYSIS

**A. Ground One Does Not Allege a Violation of Federal Law.**

**1. Federal habeas relief is available only for violations of federal law.**

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). In other words, "federal habeas corpus relief does not lie for errors of state law." Id. at 67. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal habeas petitioner to show that the state court proceedings either:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**2. Ground One, alleging erroneous jury instructions on accomplice testimony, fails to raise a federal issue.**

In Ground One, Petitioner argues: "The trial court prejudicially erred when it failed to instruct the jury that codefendant Sabrina King was an accomplice as a

matter of law...." (Petition at 6 ¶ 8(a).) In the incorporated petition for review, originally filed in the California Supreme Court, Petitioner alleged error under California Penal Code § 1111 (id. at 42-46), which provides as follows:

> A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

Cal. Penal Code § 1111. Petitioner argued that the jury instructions were erroneous because they authorized the jury to decide whether or not King was an accomplice. (Petition at 42-46, citing People v. Robinson, 61 Cal. 2d 373, 394-95 (1964)).

"The Fourteenth Amendment does not forbid a state court to construe and apply its laws with respect to the evidence of an accomplice." Lisenba v. People of State of California, 314 U.S. 219, 227 (1941). Thus, the use of accomplice testimony generally does not implicate federal constitutional concerns. See United States v. Augenblick, 393 U.S. 348, 352 (1969) ("When we look at the requirements of procedural due process, the use of accomplice testimony is not catalogued with constitutional restrictions.").

A federal constitutional issue may arise in two instances, however. First, if the petitioner can show an arbitrary deprivation of a state law entitlement, such as a procedural rule addressing specific evidence like accomplice corroboration. See Laboa v. Calderon, 224 F.3d 972, 979 (9th Cir. 2000); see also Hicks v. Oklahoma, 447 U.S. 343, 346 (1980). Second, if the petitioner can show that his criminal conviction relies solely on an accomplice's uncorroborated testimony that is "incredible or insubstantial on its face." Laboa, 224 F.3d at 979 (quoting United States v. Necoechea, 986 F.2d 1273, 1282 (9th Cir. 1993)); see, e.g., Spry v. Johnson, CV-16-423-GW (MRW), 2017 WL 651937 (C.D. Cal. Feb. 14, 2017) (denying habeas relief where petitioner invoked California Penal Code § 1111, and discussing

4

Laboa, Hicks, and Necoechea).

The Petition in this case does not argue that the accomplice testimony offered at Petitioner's trial was incredible or insubstantial on its face. (Petition at 6 ¶ 8(a), 42-46.) The Petition also does not argue that Petitioner was arbitrarily deprived of the benefit of California Penal Code § 1111. (Id.) To the extent the Petition argues that the state trial court's instruction was inconsistent with § 1111, this does not state a claim for federal habeas relief, because it raises only an issue of state law.

**B.     Grounds One and Two are Unexhausted.**

     **1.     Claims raised in a federal habeas petition must have been "exhausted," i.e., presented to the California Supreme Court.**

All claims in a habeas petition must be exhausted before a federal court may grant a habeas petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). Exhaustion requires that a petitioner's claims be fairly presented to the highest court in a state court system even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means the petitioner must have "fairly presented" his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

For a federal claim to have been "fairly presented" to the state courts, and therefore be exhausted for habeas purposes, the claim "must include a reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle

the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The claim should alert the state court to the alleged federal basis for the claim "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004).

### 2. Grounds One and Two were not "fairly presented" presented to the California Supreme Court as federal claims.

As discussed above, Ground One, as currently described in the Petition, does not raise any issues of federal law. Even if Petitioner can amend Ground One to state a federal claim, such a claim would be unexhausted. In his petition for review in the California Supreme Court, Petitioner did not indicate that this issue raised any issues of federal law.

In Ground Two, Petitioner argues: "The instructions allowed the jury to convict [Petitioner] under an erroneous theory of guilty (murder by lying in wait)." (Petition at 6 ¶ 8(b).) In the incorporated petition for review, Petitioner argued that the trial court should not have instructed the jury on this theory, because there was insufficient evidence to support it. (Id. at 47-56.) Petitioner further argued that there was "no basis upon which to say [the conviction] is based on a valid legal ground." (Id. at 47.) It might be possible to liberally interpret Ground Two as a federal due process claim alleging there was insufficient evidence to support Petitioner's conviction. See Jackson v. Virginia, 443 U.S. 307 (1979); see also Coleman v. Johnson, 566 U.S. 650 (2012). However, this claim was not framed as a due process issue in Petitioner's petition for review to the California Supreme Court. (Id. at 47-56.) No federal case law was cited, and the phrase "due process" was not used. Petitioner argued, "It is error to instruct a jury on a theory of guilt without evidentiary support, but the trial court must instruct the jury on every theory that is supported by substantial evidence." (Id. at 51, citing People v. Crew, 31 Cal. 4th 822, 835 (2003) and People v. Guiton, 4 Cal. 4th 1116, 1129-30 (1993).)

In contrast, Ground Three was clearly presented as a federal constitutional claim. Petitioner argued, "The trial court prejudicially erred in allowing Dr. Chinaway, a pathologist who did not perform [the victim's] autopsy, to testify at trial to Dr. Carpenter's forensic opinion as to the cause of death. That testimony violated [Petitioner's] rights under the *Confrontation Clause*. … The Sixth Amendment to the *federal* Constitution gives a criminal defendant the right to confront and cross-examine adverse witnesses." (Id. at 57 [emphasis added], citing Crawford v. Washington, 541 U.S. 36 (2004) and Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009).)

Accordingly, the Court finds that Ground Three is exhausted, but any federal claims raised in Grounds One and Two are unexhausted, because they were not presented to the California Supreme Court as issues of federal law.

### C. Because the Petition is Mixed, Petitioner Must Tell the Court How He Wants to Proceed.

#### 1. Petitioner may seek a stay under Rhines or Kelly.

Generally, a district court may not consider a "mixed" habeas petition, that is a petition that contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). If a petitioner presents a mixed petition, the petitioner may seek to stay the exhausted claims while he pursues the unexhausted claims in state court. Rhines v. Weber, 544 U.S. 269, 278 (2005). Case law has established two alternative procedures for seeking and obtaining a stay, which are set forth in Rhines and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).[2]

To obtain a stay under Rhines, a petitioner must file a motion showing that he (1) has "good cause" for failing to exhaust the claims earlier in state court, (2) that the unexhausted claims are not "plainly meritless," and (3) that he has not engaged

---

[2] Kelly was overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007)

in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78. A Rhines stay, if granted, "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court throughout" the stay. King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009).

In contrast, a Kelly stay can be granted even in the absence of good cause for delayed exhaustion. Upon receiving a Kelly stay, the petitioner dismisses his unexhausted claims, then amends his federal petition to add them back after they have been exhausted in state court. A petitioner seeking to use the Kelly procedure, however, "will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" after exhaustion. Id. at 1140-41. If a petitioner has a properly filed petition for collateral review pending in state court (which gives rise to statutory tolling, assuming it was filed the federal limitations period expired), then his claims may be timely even after exhaustion.

Alternatively, if Petitioner does not wish to seek a stay, he can voluntarily dismiss the unexhausted claims (Grounds One and Two), and proceed only on the exhausted claim (Ground Three).

### III.

### CONCLUSION

IT IS HEREBY ORDERED that, on or before **June 9, 2017**, Petitioner is ordered to show cause why the Petition should not be dismissed as mixed. In response to this Order to Show Cause, Petitioner should do **one** of the following:

(1) State that Petitioner would like to proceed only with the exhausted claim (Ground Three) and voluntarily dismiss the other claims (Grounds One and Two).

(2) Explain when/how Petitioner believes that Grounds One and Two present federal claims that were exhausted in the California Supreme Court.

(3) File a First Amended Petition, amending Grounds One and Two to allege violations of federal law, and also file a motion to stay these federal

proceedings under either <u>Rhines</u> or <u>Kelly</u>.[3]

DATED: <u>May 11, 2017</u>

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

---

[3] If the Court issues a stay under <u>Kelly</u> rather than <u>Rhines</u>, this would not toll the one-year time limit for filing federal habeas claims under AEDPA. Nothing in this Order should be construed as preventing Petitioner from immediately filing an exhaustion petition in the California courts raising any unexhausted federal claims, even before filing anything further in this Court.